SERRALLES v. GALLARDO (four cases).

(Circuit Court of Appeals, First Circuit. December 7, 1925.)

Nos. 1866, 1867, 1872, 1873.

**I. Taxation ⊜⟶305—Profits of partnership, not paid out to members thereof till April 30, 1918, held taxable at rate for 1918.**

Treasury Regulations, art. 31, providing that partner's·share of profits shall be divided between calendar years embraced in fiscal year, is·in conflict with Income Tax Act Porto Rico, § 2, and not a part of the act, in view of section 33 thereof, and profits for fiscal year ending April 30, 1918, were taxable at rate in force in 1918.

**2. Partnership ⊜⟶I—Partnerships, in Porto Rico, regarded as a legal entity.**

Porto Rican partnerships are for most purposes regarded as legal entities, especially as, under Income Tax Law of Porto Rico they are taxable as are corporations, and under sections, 2, 6, 11, profits are regarded as dividends.

Appeals from the Supreme Court of Porto Rico.

Separate suits by Juan Eugenio Serralles, by Mercedes M. Serralles, by Julia Serralles, and by Pedro Juan Serralles against Juan G. Gallardo, Treasurer. Decrees for plaintiffs were reversed by the Supreme Court of Porto Rico, and plaintiffs appeal. · Affirmed.

Howard L. Kern, of New York City (Armstrong, Keith & Kern, of New York City, on the brief), for appellants.

Maj. Russell H. Brennan, of Washington, D. C., for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. These four appeals from the Supreme Court of Porto Rico raise questions as to the taxation of partners' income, derived from their partnership, under the Porto Rican Income Tax Act. Laws 1919, No. 80.

The plaintiffs are all members of the civil partnership, Sucesion J. Serralles. The fiscal year of this partnership began on May 1, and ended April 30. The taxes in question were by the treasurer levied for the year 1918, on incomes which include the partners' profits as partners for the entire fiscal year ending April 30, 1918. The rate was higher than in the preceding year. The District Court of San Juan reversed the treasurer, and sustained the contention of the appellants, that for two-thirds of such profits (i. e., for the eight months May to December, 1917) the old rate should be ap-

plied. The Supreme Court of Porto Rico reversed the District Court, holding the treasurer right.

[1] The applicable provisions of the Income Tax Act of 1919 are as follows:

"Sec. 2. That when used in this act * * * the term 'taxable year' means an accounting period of twelve months upon the basis of which net income shall be computed pursuant to this act. The first taxable year for the purposes of this act, shall be the calendar year ending the thirty-first day of December, nineteen hundred and eighteen, or any accounting period of twelve months ending during the calendar year nineteen hundred and eighteen. Subsequent taxable years shall be computed from the date on which the first taxable year expires: Provided, that in no case, shall a tax rate higher than the one established by income laws in force on said date be collected on income obtained prior to January 1, 1918. * * *

"The term 'dividends' means any distribution made by a corporation, association or partnership out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders or members in cash, securities, property or stock of the same corporation."

"Sec. 6. That * * * the term 'gross income' includes—Gains, profits, benefits and incomes derived from * * * dividends. * * * *"

"Sec. 11. That for the purpose of computing the normal tax only, the following deductions from net income shall be allowed:·

"(a) The amount received as dividend from a corporation, or as benefit from a partnership. * * *"

"Sec. 20. That there shall be levied, assessed, collected and paid for each taxable year on the net income of every corporation, association or partnership, a normal tax. * * *

"Sec. 21. That in addition to the normal tax * * * there shall be levied, assessed, collected and paid * * * on the net income of every corporation, association or * * * partnership * * * an excess profits tax. * * *"

"Sec. 33. That the treasurer be, and he is hereby, authorized to issue such rules and regulations as may be necessary for the purpose of putting into effect the provisions of this act; but until such rules and regulations are promulgated, the rules and regulations actually in force for the administration of the federal law of September 8, 1916, as amended October 3, 1917, shall remain in

full force and effect in so far as they do not conflict with the provisions of this act."

The record indicates that the treasurer issued no new regulations, but left the old federal regulations in effect "in so far as they do not conflict with the provisions of this act."

The chief reliance of the appellants is article 31 of these old regulations:

"A partnership shall have the privilege of fixing and making return on the basis of a fiscal year the same as provided for corporations by section 13 (a) and (b), Act of September 8, 1916, as amended. If the fiscal year of a partnership (other than the calendar year) ends in a calendar year for which there is a rate of tax, different from the rate for the preceding calendar year, for the purpose of the income tax, each partner's share of partnership profits shall be divided in the proportion of the different calendar years composing said fiscal year and the rate of tax for the respective calendar years shall apply to that part of such profits as thus falls within said calendar years."

The gist of the case is whether this article 31 is in conflict with the provisions of the Porto Rican Income Tax Law, and therefore not a part of that law under the provisions of section 33 thereof. In effect, though not in express terms, the Supreme Court, in a careful and unanimous opinion, held article 31 in conflict, and therefore no part of the Income Tax Law.

We think the Supreme Court of Porto Rico was right.

We agree with that court in the emphasis put by it on the language in the proviso in section 2 of the act, No. 80, supra, where the act speaks of *"income obtained prior to January 1, 1918."* There is no contention that the appellants obtained the income in question until April 30, 1918. The case, therefore, plainly falls, in that regard, under the doctrine stated in Black's Income and Other Federal Taxes (1920) p. 72, par. 60, quoted in the opinion of the Supreme Court, as follows:

"The profit accruing from one's share in the business conducted by a partnership is a part of his income. The net earnings of the partnership constitute income of the firm so long as they remain in the possession or to the credit of the firm as such. But when a proportionate part is drawn out and paid over to an individual partner, it becomes and constitutes a part of his private income."

[2] Moreover, in Porto Rico, a partnership is, for most purposes, regarded as a legal entity. Under the Income Tax Law of Porto Rico partnerships are taxable as are corporations, except only as to surplus. Distributed partnership profits are by sections 2, 6 and 11 expressly referred to as dividends.

It follows that distributive shares of the appellants in the profits of their firm for the year ending April 30, 1918, were taxable as dividends not obtained by them prior to January 1, 1918, and were therefore properly treated as income received during the taxable year 1918.

In each case—

The decree of the Supreme Court of Porto Rico is affirmed, with costs to the appellee.